# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In Re: Aqueous Film-Forming Foams Productions Liability Litigation | MDL No. 2:18-2873-RMG<br><br>This Order Relates to:<br>C.A. No. 2:20-257-RMG<br>C.A. No. 2:20-209-RMG<br>C.A. No. 2:20-301-RMG<br>C.A. No. 2:21-3181-RMG<br>C.A. No. 2:18-3438-RMG<br><br>**ORDER** |

The Court has before it Letter Briefs from the parties relating to case selection for the Group A bellwether personal injury trial set to commence on October 20, 2025. Over the last several months, the parties have participated in Tier 2 discovery, pursuant to CMO 26G, to determine which cases "shall move forward with motion practice and trial . . ." (Dkt. No. 6544). The parties submitted to the Court on May 6, 2025 proposals for case selection for the October 20, 2025 trial. Plaintiffs recommend that the Court consolidate the three kidney cancer cases (Speers, Donnelly, and Voelker) and the two testicular cancer cases (Bien and Field) into a single trial. (Dkt. No. 7094). Defendants recommend that the Court try a single kidney cancer case (Voelker). (Dkt. No. 7095).

Rule 42(a) of the Federal Rules of Civil Procedure provides a district court broad discretion to consolidate cases for trial that present "common questions of law or fact." Plaintiffs have cited to the Court numerous decisions which have consolidated product liability and other personal injury cases for trial, which have emphasized judicial economy and conservation of resources. Defendants have cited other cases, which have declined to consolidate product liability and other

1

personal injury cases for trial because of the risk of jury confusion and practical difficulties of proof involving multiple parties. All of the decisions referenced by the parties have carefully examined the particular facts and law involved in the case before the court and sought to produce a trial structure that is efficient and fair to all parties. In the final analysis, a decision to consolidate multiple cases for trial or to proceed with a single plaintiff case is left to the sound discretion of the trial court.

After carefully reviewing the Letter Briefs before the Court and the relevant case law, the Court finds that limiting the first bellwether trial to kidney cancer would assist the jury in acquiring an in depth understanding of the nature of the disease and whether exposure to AFFF proximately caused the injuries asserted by Plaintiffs. The Court declines to include testicular cancer in the first bellwether trial to avoid the likely risk of jury confusion.

The parties have made strong fact-specific arguments for and against consolidation of the three kidney cancer cases in the first bellwether trial. The Court elects to delay a decision on the consolidation/single plaintiff issue until after the completion of the Court's review and decision on the Rule 702 and summary judgment motions. The Court will almost certainly have a more detailed understanding of the three kidney cancer cases after addressing the *Daubert* and dispositive motions and whether the interests of justice are best served by a single plaintiff case or some consolidation of the kidney cancer cases. The Court at this point remains undecided on this issue. Therefore, the parties should address in their motions and responses relating Rule 702 and summary judgment due later this Summer all three kidney cancer cases in the Tier 2 pool (Speers, Donnelly, and Voelker).

The Court notes that Defendants have recommended that the Voelker case be the first bellwether case tried and argue that Speers and Donnelly are not representative cases. Plaintiffs

have not made a recommendation to the Court of a single kidney cancer case that should be tried if the Court declines to consolidate the kidney cancer cases for trial. Without prejudicing their right to continue to argue for consolidation of the kidney cancer cases, the Court welcomes a recommendation from Plaintiff of their first, second and third choices if the decision is made to proceed with a single plaintiff kidney cancer case for the October 20, 2025 bellwether trial and an explanation of the basis for that recommendation. Plaintiffs' limited response is due within 7 days of this Order.

      **AND IT IS SO ORDERED**.

                                                                      s/ Richard Mark Gergel
                                                                      Richard Mark Gergel
                                                                       United States District Judge

May 9, 2025
Charleston, South Carolina